UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KENNETH TEAGUE,

                      Plaintiff,

                                                         25-cv-1493 (PKC)

         -against-                                  <u>OPINION AND ORDER</u>

CITY OF NEW YORK and POLICE OFFICERS
JOHN DOE #1-8,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Kenneth Teague brings claims pursuant to 42 U.S.C. § 1983 against the City of New York (the "City") and eight John Doe members of the New York City Police Department ("NYPD"). The Complaint identifies Teague as a resident of Kings County, New York, and its claims are directed toward incidents that took place entirely in Brooklyn, including the vicinity of Brooklyn Avenue between Beverley Road and Tilden Avenue, an area near the intersection of Utica Avenue and Church Avenue and the 67th Precinct station house. (Compl't ¶¶ 5, 7-24.) The Complaint asserts that venue is proper in this District because events giving rise to the claims involve a party that maintains a place of business in this District, 28 U.S.C. § 1391. (Compl't ¶ 3.)

        On February 25, 2025, the Court ordered the parties to show cause in writing why the action ought not be transferred to the Eastern District of New York, where the action might have been brought, for the convenience of parties and witnesses and in the interest of justice. (ECF 6.) Plaintiff responded on February 27, 2025, urging that venue in this District is proper

because the NYPD "maintains its place of business" in this District.  (ECF 8.)  The letter also identifies the City as "a corporation" and "the sole corporate defendant," stating that it resides in this District.  (Id.)  Plaintiff's counsel states that she has previously litigated several cases in this District pertaining to incidents that occurred in Brooklyn.  (Id.)  The City filed no submission in response to the Order.  Because the parties have had notice and an opportunity to be heard on this issue of transfer, the Court may properly consider the question sua sponte.  Mitchell v. City of New York, 2013 WL 5942236, at *2 (S.D.N.Y. Nov. 6, 2013) (Failla, J.).

> Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may sua sponte transfer the action to any other federal district court where it might have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.'"  Gaitan v. Wells Fargo Bank, 2023 WL 6541812, at *1 (S.D.N.Y. Sept. 27, 2023) (Broderick, J.) (quoting 28 U.S.C. § 1404(a)).  "In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's

familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances." Hankerson v. 61 pct., 2024 WL 1468311, at *1 (S.D.N.Y. Feb. 26, 2024) (Swain, C.J.) (collecting cases). "A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there." Id.

The Court concludes that transfer to the Eastern District of New York is appropriate. The underlying events occurred entirely in Brooklyn and plaintiff resides in Brooklyn. "[I]t is reasonable to expect that all relevant documents and witnesses would be located" in Brooklyn. Id. at *2. Should this case proceed to trial, the interests of justice weigh in favor of plaintiff's claims being decided by a jury in the Eastern District of New York. Charlot v. Ecolab, Inc., 2018 WL 11427944, at *6 (E.D.N.Y. Mar. 23, 2018) ("interests of justice include 'a local interest in having localized controversies decided at home, such as a jury comprised of people from a community with a relation to the litigation and holding the trial in the view and reach of the community with which the case relates.'") (Matsumoto, J.) (quoting New Son Yeng Produce, LLC v. A & S Produce, Inc., 2009 WL 2568566, at *4 (E.D.N.Y. Aug. 19, 2009)). Because plaintiff does not reside in this District, his choice of venue is afforded no deference. Plaintiff's reliance on the City's status as "the sole corporate defendant" with a presence in this District (ECF 8) do not weigh in favor of venue in this District.

The first, second, third, fifth, and tenth section 1404(a) factors weigh in favor of transfer and the remainder are neutral. No factor weighs in favor of maintaining venue in this District. The Court therefore concludes that this case is properly transferred to the Eastern District of New York. See Hankerson, 2024 WL 1468311, at *2 (ordering transfer based on allegations similar to those brought here); Mitchell, 2013 WL 5942236 (same).

CONCLUSION.

       The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York and to close the case.

       SO ORDERED.

_____<br>
P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
       June 3, 2025